Filed 8/29/13  In re David R. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re DAVID R., a Person Coming Under the Juvenile Court Law. | B239629 (Los Angeles County Super. Ct. No. CK89136) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>E. R.,<br><br>        Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Donna Levin, Juvenile Court Referee.  Affirmed.

Michael A. Salazar, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

_____

E.R. (Father) appeals from orders that declared his two-year-old son David a dependent of the court under Welfare and Institutions Code section 300, subdivisions (d) and (j)[1] and removed him from Father's custody.

In our initial opinion we concluded that the juvenile court applied an incorrect standard in finding that David was at substantial risk of being molested by Father solely because on a single occasion Father molested his minor stepdaughter. (*In re David R.* (2012) B239629, review granted, opinion vacated and cause remanded (S208475) (*David R. I*).) Accordingly, we reversed the jurisdictional and dispositional orders and remanded the cause for a new trial if the Department of Children and Family Services wished to proceed with the matter.

Our Supreme Court granted review of our decision and held the case pending its decision in *In re I.J.* (S204622) which raised a similar issue. Subsequently the court issued its opinion in *In re I.J.* (2013) 56 Cal.4th 766 holding that: "[A] father's prolonged and egregious sexual abuse of his own child may provide substantial evidence to support a finding that all his children are juvenile court dependents." (*Id.* at p. 770.)

The court remanded *David R. I* to us with directions to "vacate [our] decision and to reconsider the cause in light of *In re I.J.*" Having done so, we issue this revised opinion in which we affirm the juvenile court's orders.

## FACTS AND PROCEEDINGS BELOW

At the time of the filing of the petition in this case, the family consisted of Father, his son David (age two), David's mother A.C. and A.C.'s daughter, S.G. (age six).

The juvenile court found jurisdiction over S.G. under section 300, subdivision (d), based on evidence that on a single occasion Father forced S.G. to masturbate him to ejaculation and fondled her breasts. This incident took place away from the family home at an apartment that Father was painting. No one else was present.[2]

---

[1] All statutory references are to the Welfare and Institutions Code.

[2] The court took jurisdiction of S.G. as a result of Father sexually abusing her and her mother's failure to protect her from that abuse. Father does not appeal that order.

2

The judicial officer found jurisdiction over David under section 300, subdivisions (d) and (j).[3]

## DISCUSSION

Substantial evidence supports jurisdiction over David under section 300, subdivision (j). That subdivision applies when a child's sibling has been abused or neglected as defined in subdivision (a), (b), (d), (e), or (i) "and there is a substantial risk that the child will be abused or neglected, as defined in those subdivisions." (§ 300, subd. (j).)

In *In re I.J.* our high court instructed that "'in order to determine whether a risk is substantial, the court must consider both the likelihood that harm will occur and the magnitude of potential harm.'" (*In re I.J.*, *supra*, 56 Cal.4th at p. 778.) Some risks, the court observed, "'may be substantial even if they carry a low degree of probability because the magnitude of the harm is potentially great.'" (*Ibid.*) In determining whether there is sufficient evidence of substantial risk, we also take into account the Legislature's instruction that in applying subdivision (j) "[t]he court shall consider [among other things] the age and gender of each child[.]" (§ 300, subd. (j).)

---

[3]    Section 300, subdivision (d) states in relevant part that jurisdiction over a child arises when "[t]he child has been sexually abused, or there is a substantial risk that the child will be sexually abused . . . by his or her parent . . . or a member of his or her household, or the parent . . . has failed to adequately protect the child from sexual abuse when the parent . . . knew or reasonably should have known that the child was in danger of sexual abuse." Section 300, subdivision (j) provides that jurisdiction over a child arises when "[t]he child's sibling has been abused or neglected, as defined in subdivision (a), (b), (d), (e), or (i), and there is a substantial risk that the child will be abused or neglected, as defined in those subdivisions. The court shall consider the circumstances surrounding the abuse or neglect of the sibling, the age and gender of each child, the nature of the abuse or neglect of the sibling, the mental condition of the parent . . . and any other factors the court considers probative in determining whether there is a substantial risk to the child."

When Father molested S.G., she was six and David was two years old. Although they were different sexes, they were at ages when their sexual characteristics were for the most part undeveloped, and their gender somewhat indistinct. The juvenile court could reasonably conclude that this state of androgyny placed David at a substantial risk of harm compared to, say, a boy of 16. Accordingly, viewed in light of the judicial and legislative principles discussed above, there is sufficient evidence to support the juvenile court's finding that David was at a substantial risk of sexual abuse by Father.

## DISPOSITION

The jurisdictional and dispositional orders with respect to David are affirmed.

NOT TO BE PUBLISHED.

                                          ROTHSCHILD, J.

We concur:

MALLANO, P. J.

CHANEY, J.

4